J-S23025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRITTANY MICHELLE LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY LEE BLOUNT, JR. | : | |
| | : | |
| Appellant | : | No. 535 EDA 2026 |

Appeal from the Order Entered January 16, 2026
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  22-07137,
PACSES: 400301581

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 5, 2026**

Henry Lee Blount, Jr. (Appellant), appeals, *pro se*, from the order directing him to pay to Brittany Michelle Lewis (Mother) $671.16 per month for current child support and $28.84 per month for arrears, in relation to the parties' two children, E.K. (a son born in July 2020) and M.K.-B. (a daughter born in February 2021) (collectively, "the Children").  After careful review, we affirm.

Mother instituted this action by filing a complaint against Appellant on July 6, 2022, seeking support for the Children.[1]  On September 14, 2022, Appellant electronically signed an Acknowledgment of Paternity (sometimes

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] There is no indication in the record that the parties ever married.

referred to as "AOP"), wherein he admitted that he is "the father of [M.K.-B.]" Acknowledgment of Paternity, 9/14/22 (unpaginated).[2]  In another AOP, filed on December 27, 2022, Appellant signed the document electronically and admitted that he is "the father of [E.K.]"  Acknowledgment of Paternity, 12/27/22 (unpaginated).[3]  In both AOPs, which were substantially identical,[4] Appellant confirmed that he had "been advised of and [] hereby waive[s his] rights to (1) genetic tests on the issue of paternity, (2) a trial on the issue of paternity[,] and (3) an attorney to represent [Appellant] on the issue of paternity."  AOP, 9/14/22 (unpaginated); AOP, 12/27/22 (unpaginated).

On January 25, 2023, both parties appeared for a hearing before a Support Hearing Officer (SHO).  Following the hearing, the SHO entered a proposed order, along with an accompanying report, on March 7, 2023, granting Mother's complaint for support.  Per the proposed order, Appellant was directed to pay $671.16 per month for current support of the Children, plus $28.84 per month for arrears.

Appellant filed exceptions to the SHO's proposed order on March 10, 2023.  *See* Pa.R.C.P. 1910.12(h) (governing exceptions in actions for support).  On June 23, 2023, the trial court denied Appellant's exceptions and

_____

[2] At all times throughout the litigation, Appellant proceeded *pro se*.

[3] A support conference officer signed each AOP as a witness.

[4] For ease of reference, we hereinafter collectively refer to the separate AOPs as a single filing.

adopted the SHO's recommendations as a final order of court. No appeal followed.

On August 7, 2024, Appellant filed a "Petition for Modification of an Existing Support Order" (Petition to Terminate), requesting the trial court to terminate his child support obligation, as well as all arrears. Both parties subsequently appeared for a support hearing on August 11, 2025, before a SHO, regarding the Petition to Terminate. In short, Appellant asserted that, based upon purported due process violations (discussed below), the child support order "is void … [and] entirely without legal effect from inception." N.T., 8/11/25, at 5.

On September 16, 2025, the SHO entered a Report and Recommendation, recommending that the trial court deny Appellant's Petition to Terminate. In her findings of fact, the SHO explained that, at the support hearing,

> [Appellant] argued that he was seeking a dismissal of the child support order with prejudice pursuant to 28 U.S.C.A. § 1691[5] because all writs issued by the United States Courts must bear the seal of the court and be signed by the clerk. He further argued that any filing lacking those elements was legally deficient and therefore void. [Appellant] reiterated and insisted that [Section] 1691 was the basis for his desire to dismiss the child support order.

---

[5] Throughout the proceedings, Appellant cited various federal authorities, including Section 1691, which provides that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." 28 U.S.C.A. § 1691.

Report and Recommendation, 9/16/25, at 2 (footnote added; citations and capitalization modified); *see also* N.T., 8/11/25, at 5-7, 11 (Appellant basing his due process claim at the support hearing upon various federal authorities, including Section 1691). In her proposed order, the SHO recommended that "the current order shall stand." Report and Recommendation, 9/16/25, at 3 (capitalization modified).

On October 3, 2025, Appellant filed exceptions to the SHO's Report and Recommendation. Appellant stated that he is

> appealing the [SHO's] decision because enforcement actions were taken without proper notice or full documentation, violating [Appellant's] due process rights under the 14th Amendment [to the United States Constitution] and 45 C[.F.R.] § 303.35 [(requiring states to have in place "an administrative complaint procedure … to allow individuals the opportunity to request an administrative review" to correct any errors made by the state child support enforcement agencies)]. The [SHO] also failed to address these procedural deficiencies, as documented in the transcript [of the support hearing]. Additionally, the order fails to reflect the 50/50 custody arrangement and comparable incomes of the parties, which are required by law for determining support.

Support Exceptions, 10/3/25, ¶ 4 (internal citations to exhibits omitted). Mother did not respond to Appellant's exceptions.

On January 16, 2026, the trial court held a brief hearing on Appellant's exceptions (exceptions hearing), at which Appellant and counsel for Mother appeared. Appellant argued that the support order was void and unenforceable based upon violations of his due process rights. *See* N.T., 1/16/26, at 3, 5-8, 11-15. Relying upon Section 1691, *supra*, Appellant asserted that the support order was void, as it was purportedly "not [] signed

- 4 -

by … the county clerk [of courts]; it's signed by a deputy clerk, and I do have proof that these documents do not have the seal of the court." *Id.* at 11. Appellant also invoked Section 303.35, *supra*, asserting that statute "mandates that individuals be given [] proper notice and the opportunity to contest enforcement actions[.]" *Id.* at 14-15. Finally, Appellant alleged that he has "50-50 custody of [the C]hildren[,]" which fact the SHO misapprehended. *Id.* at 15.

At the exceptions hearing, Mother's counsel countered that no due process violations had occurred, pointing out that Appellant had attended the August 11, 2025, support hearing. *Id.* Mother further asserted that the federal authorities upon which Appellant relied "simply do[] not hold water." *Id.* Finally, Mother maintained that, contrary to Appellant's allegation, he "does not have more than 40 percent of overnights" with the Children. *Id.* at 16.

Following the exceptions hearing, the trial court entered the order that forms the basis of this appeal (Support Order). Therein, the court denied Appellant's exceptions and adopted the SHO's proposed order as "a final order of court." Trial Court Order, 1/16/26 (unpaginated; capitalization modified); *see also* N.T., 1/16/26, at 19 (trial court stating, at the exceptions hearing, its intent to deny Appellant's exceptions).

On February 19, 2025, Appellant filed a notice of appeal. Eight days later, the trial court directed him to file a Pa.R.A.P. 1925(b) concise statement

of errors complained of on appeal. Appellant timely complied on March 13, 2026 (Concise Statement).

The trial court issued its Rule 1925(a) opinion on March 18, 2026. Therein, it recommended that because Appellant's "appeal was filed late," it "should be dismissed or quashed[.]" Trial Court Opinion, 3/18/26, at 5. In the alternative, the trial court opined that it did not err or abuse its discretion in denying Appellant's exceptions, as "[t]he law was not misapplied." **Id.**

Appellant presents three issues for our review:

1. Whether the trial court erred in accepting an Acknowledgment of Paternity where Appellant did not execute a knowing, voluntary, and intelligent waiver of rights.

2. Whether the trial court violated Appellant's due process rights by proceeding without adequate notice or meaningful opportunity to understand the legal consequences.

3. Whether the trial court erred in entering and upholding a [S]upport [O]rder based upon a defective Acknowledgment of Paternity.

Appellant's Brief at 1-2.

Before we reach the merits of Appellant's issues, we must consider the timeliness of this appeal, as it implicates our jurisdiction. **See Blucas v. Agiovlasitis**, 179 A.3d 520, 525 (Pa. Super. 2018) ("Timeliness of an appeal … is a jurisdictional question."); **see also Day v. Civil Serv. Comm'n**, 931 A.2d 646, 652 (Pa. 2007) ("Jurisdictional questions may [] be considered *sua sponte.*"). "[A]n untimely appeal divests this Court of jurisdiction." **Valley**

*Forge Ctr. Assocs. v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa. Super. 1997).

An appellant must file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations related to filing appeals "must be strictly construed." *Valley Forge Ctr. Assocs.*, 693 A.2d at 245 (interpreting Rule 903(a) and explaining that "[t]his Court is without jurisdiction to excuse a failure to file a timely notice [of appeal]"); *Blucas*, 179 A.3d at 525 (stating that Rule 903's 30-day time limitation "may not be extended as a matter of indulgence or grace." (citation omitted)); *see also* Pa.R.A.P. 105(b) (providing that an appellate court may not extend the deadline for filing a notice of appeal).

Notwithstanding this general prohibition against late notices of appeal, this Court has frequently declined to quash appeals, and excused untimely notices of appeal, where there has been a breakdown in court operations that contributed to the appellant's failure to timely appeal. *See*, *e.g.*, *Sass v. Amtrust Bank*, 74 A.3d 1054, 1063 (Pa. Super. 2013) (stating that this Court may excuse an untimely-filed notice of appeal, where "the offending party can establish either a breakdown in the operations of the judicial support system or extenuating circumstances that rendered him incapable of filing the necessary notice."); *Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa. Super. 2016) (same); *Commonwealth v. Braykovich*, 664 A.2d 133, 136 (Pa. Super. 1995) (same). "Cases involving a breakdown in court operations

often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties[.]" *Fischer v. UPMC Nw.*, 34 A.3d 115, 120 (Pa. Super. 2011) (citation omitted).

Instantly, because the Support Order was entered on the trial court's docket on January 16, 2026,[6] Appellant was required to file his notice of appeal within 30 days of that date, *i.e.*, by or before February 17, 2026.[7] Appellant, however, filed his notice of appeal on February 19, 2025, two days late.

On March 18, 2026, this Court issued a Rule (RTSC) upon Appellant requiring him to show cause, within 10 days of the order, as to why we should not quash the appeal as being untimely filed. Appellant timely responded to the RTSC on March 23, 2026. Appellant asserted that he "made a timely and good-faith effort to file the Notice of Appeal within the prescribed time period." Response to Rule to Show Cause, 3/23/26 (unpaginated). Specifically, Appellant asserted that he had attempted to file his notice of appeal, "in[-]person," on Friday, February 13, 2026, but, he claims, the prothonotary had closed early that day. *Id.*

---

[6] The trial court docket reflects that Appellant was given notice of the entry of the Support Order. *See* Pa.R.C.P. 236(b).

[7] The thirtieth day after January 16, 2026, fell on Sunday, February 15, 2025. The next day, Monday, February, 16, 2025, was a legal holiday on which the courts were closed. Pursuant to 1 Pa.C.S.A. § 1908 (governing computation of time), weekends and legal holidays are excluded from the computation when the last day of the appeal period falls on a weekend or legal holiday.

This Court discharged the RTSC on April 1, 2026, noting that "[t]he trial court prothonotary confirmed that they closed their office at 2[:00] p.m. on February 13, 2026." Order, 4/1/26 (unpaginated). Based upon these circumstances, we will not penalize Appellant for his late filing and deem his appeal timely filed. **See Sass**, **supra**.

We next address whether Appellant preserved his issues for our review. **See Tucker v. R.M. Tours**, 939 A.2d 343, 346 (Pa. Super. 2007) ("The fact that [an appellant] filed a timely 1925(b) statement does not automatically equate with issue preservation." (citation omitted)); **see also Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020) (stating that "issue preservation is foundational to proper appellate review" (citation omitted)).

Mother asks us to deem all of Appellant's issues waived based on his failure to raise any of these issues in his court-ordered Concise Statement.[8]

---

[8] Appellant's Concise Statement presented the following seven allegations of error:

1. The trial court erred and/or abused its discretion by entering [the Support] … Order without properly considering the documented 50/50 custody arrangement between the parties, which is required to be considered under the Pennsylvania Child Support Guidelines.

2. The trial court erred and/or abused its discretion by failing to properly evaluate the respective incomes of the parties, which materially affects the calculation of support under Pa.R.C.P. 1910.16.

*(Footnote Continued Next Page)*

*See generally* Appellee's Brief. Mother asserts that "[a]ll three [] allegations of error contained in [Appellant's] brief are variations on the same argument[:] that his Acknowledgment of Paternity was defective as it was not entered into knowingly, voluntarily, or intelligently." *Id.* at 1. Mother contends Appellant waived all three issues, where,

> [i]n his [Concise] Statement …, [Appellant] failed to raise any issue regarding paternity or deficiencies in an Acknowledgment of Paternity. [Appellant] raises for the first time in his brief his arguments regarding paternity and the Acknowledgement of Paternity.

───────────────────────────────

3. The trial court erred by failing to address the procedural and substantive issues raised in Appellant's filed Exceptions, including the transcript citations referenced therein.

4. The trial court erred and violated Appellant's procedural due process rights by allowing enforcement actions to proceed without proper notice and full documentation.

5. The trial court erred by proceeding in the matter without proper service of required documentation and/or notice prior to enforcement actions and entry of the final order.

6. The trial court erred and/or abused its discretion by proceeding with the hearing and entering the [Support] Order without [] Mother [being] present and without making findings on the record regarding the relevant issues raised by Appellant.

7. The trial court erred by failing to make adequate findings of fact and conclusions of law on the record to support the … Support Order.

Concise Statement of Errors Complained of on Appeal, 3/13/26 (unpaginated) (emphasis omitted; some capitalization modified).

- 10 -

*Id.* at 3 (paragraph break omitted). Mother further points out that at the exceptions hearing, Appellant (1) "failed to raise any argument remotely related to paternity or the Acknowledgement of Paternity"; and (2) "addressed child custody, specifically admitting that the [C]hildren are 'my children.'" *Id.* (quoting N.T., 1/16/26, at 15).

In his reply brief, Appellant argues that he sufficiently preserved all his issues. Specifically, Appellant claims that he preserved his issues (1) "through filed exceptions and objections raised during the hearing proceedings," and (2) in his "[Concise] Statement, including claims concerning due process violations, lack of notice, procedural irregularities, and the trial court's failure to address Appellant's exceptions." *Id.*

Rule 1925(b) expressly provides that "[i]ssues not included in the Statement … are **waived**." Pa.R.A.P. 1925(b)(4)(vii) (emphasis added). In *Tucker*, *supra*, this Court addressed the waiver principles associated with Rule 1925(b):

> In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." *Lord*, 719 A.2d at 309. "**Any issues not raised in a 1925(b) statement will be deemed waived.**" *Id.* [(emphasis added).] This Court explained in *Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

*Tucker*, 939 A.2d at 346 (brackets omitted; some citations modified); *see also Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2004) (stating that "[e]ven if the trial court correctly guesses the issues" that an appellant wishes to present on appeal "and writes an opinion pursuant to that supposition[,] the issues are still waived." (citation and brackets omitted)).

Our Supreme Court has explained that

[r]equiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity. It also promotes the orderly and efficient use of judicial resources, ensures fundamental fairness to the parties, and accounts for the expense attendant to appellate litigation.

*Trigg*, 229 A.3d at 269 (citations omitted).

"Our Supreme Court intended the holding in *Lord* to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis in original; citation and quotation marks omitted). "Indeed, **our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)**[.]" *Id.* (emphasis added); *see also id.* (stating that "it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements.").

Further, pursuant to Pennsylvania Rule of Appellate Procedure 302(a), "[i]ssues not raised in the trial court are waived and cannot be raised for the

first time on appeal." Pa.R.A.P. 302(a); **see also Dollar Bank v. Swartz**, 657 A.2d 1242, 1245 (Pa. 1995) ("An appellate court does not sit to review questions that were neither raised, tried, nor considered in the trial court. … It is a fundamental principle of appellate review that we will not reverse a judgment or decree on a theory that was not presented to the trial court." (internal citations and quotation marks omitted)). Additionally, "[a] new and different theory of relief may not be successfully advanced for the first time on appeal." **PCS Chadaga v. Torres**, 252 A.3d 1154, 1158 (Pa. Super. 2021) (citation omitted).

In the instant case, the three issues Appellant raises on appeal, **see** Appellant's Brief at 1-2, **in no way** correlate to the seven allegations of trial court error that he identified in his court-ordered[9] Concise Statement. **See** n.6, **supra**. Each of Appellant's issues on appeal alleges a due process violation predicated upon purported defects in the AOP. Appellant summarizes his three issues as follows:

> The trial court erred in accepting an [AOP] that was not knowingly, voluntarily, and intelligently executed. The court further violated Appellant's due process rights by failing to provide adequate notice and a meaningful opportunity to understand the legal consequences of executing the AOP. Because the [S]upport [O]rder is based entirely on this defective foundation, it cannot stand.

---

[9] In its Rule 1925(b) order, of which Appellant was given notice, **see** Pa.R.C.P. 236(b), **supra**, the trial court expressly cautioned Appellant that "[a]ny issue not properly included in the statement timely filed … shall be deemed waived." Trial Court Order, 2/27/26 (unpaginated).

Appellant's Brief at 4 (formatting modified); *see also id.* at 12 ("The [S]upport [O]rder in this case was based entirely on Appellant's status as the [Children's] legal father, which was established solely through the defective AOP.").[10]   Appellant admits that he "executed the AOP electronically via DocuSign," but complains that the "DocuSign transmission contained no advisement of rights or explanation of legal consequences."  *Id.* at 5.

However, nowhere in Appellant's Concise Statement does he mention the AOP, allege any defects associated therewith, or paternity of the Children generally.   *See generally* Concise Statement of Errors Complained of on Appeal, 3/13/26.  In its Rule 1925(a) opinion, the trial court neither mentioned the AOP nor any claim by Appellant related to it or his paternity of the Children. *See generally* Trial Court Opinion, 3/18/26.

Because Appellant did not preserve any of his issues in his Concise Statement, or otherwise before the trial court, he waived all issues.  *Lord*, *supra*; *Greater Erie Indus. Dev. Corp.*, *supra*; *see also Kelly v. Carman Corp.*, 229 A.3d 634, 649 (Pa. Super. 2020) (finding waiver of appellants' claim, pursuant to Pa.R.A.P. 1925(b)(4)(vii), where appellants "did not include this claim in their statement of errors complained of on appeal").

---

[10] Regarding his requested relief, Appellant asks us to vacate the Support Order and remand the matter for a "proper adjudication of paternity, including genetic testing[.]"  Appellant's Brief at 13.

Moreover, we cannot accord special relief to Appellant merely because of his *pro se* status.

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021) (citations, quotation marks, and brackets omitted); ***see also Jones v. Rudenstein***, 585 A.2d 520, 522 (Pa. Super. 1991) (holding that the *pro se* appellant in a civil matter bore the "responsibility to comply with procedural rules" before the appellate court was required to "reach the merits of his claim").

Even if not waived, however, Appellant's issues would entitle him to no relief. Though Appellant made no reference to the AOP in the Petition to Terminate, or during the support hearings/exceptions hearing, he briefly mentioned the AOP in an exhibit attached to his exceptions. Support Exceptions, 10/3/25, Ex. A (Appellant stating he did "not consent to participate in … the voluntary acknowledgment of paternity"). However, also attached to Appellant's exceptions are two DNA Test Reports, pertaining to

each of the Children.[11]  Each report is prepared by the "DNA Diagnostics Center," signed by the Laboratory Director, Jessica Wagoner, Ph.D., and notarized.  Each report states that buccal swabs were collected from Appellant and the Children on March 30, 2021, and the swabs were tested for DNA. Regarding M.K.-B., the test revealed that the "probability of paternity" of Appellant being her father was 99.995%.  Regarding E.K., the test revealed that the "probability of paternity" of Appellant being his father was 99.99999997%.  These DNA test results corroborate the validity of the AOP and Appellant's acknowledgement of his paternity of the Children.  Contrary to Appellant's bald claim, no due process violation occurred.

Based upon the foregoing, we affirm the trial court's Support Order.[12]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/5/2026

_____

[11] The DNA test reports are not marked as exhibits or otherwise mentioned in Appellant's exceptions; rather, they are stapled thereto.

[12] This Court may affirm on any basis.  *See*, *e.g.*, *Clark v. Peugh*, 257 A.3d 1260, 1271 n.8 (Pa. Super. 2021) ("We may affirm the trial court's decision … on any basis that is supported by the record.") (citation omitted).